UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

**CASE NO.:** CV 13-03687 SJO (AGRx)     **DATE:** March 13, 2014

**TITLE:** Grail Semiconductor, Inc. v. Robert Stern

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                               Not Present
Courtroom Clerk                                Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**             **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                    Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER TO SHOW CAUSE REGARDING STANDING AND JURISDICTION**

On March 10, 2014, both Plaintiff Grail Semiconductor, Inc. ("Plaintiff" or "Grail") and Defendant Robert B. Stern ("Defendant") filed Memorandums of Contentions of Fact and Law (respectively, "Plaintiff's Contentions," ECF No. 134; "Defendant's Contentions," ECF No. 138.) Plaintiff alleges that Defendant has unlawfully attempted to sell or transfer more than 10 million unregistered shares of Grail stock bearing a restrictive legend without permission. (Pl.'s Contentions 1.) Furthermore, Plaintiff alleges that these sales do not comply with the Securities Act of 1933 ("Securities Act"), the Securities and Exchange Act of 1934, or the California Corporations Code sections 25110, *et seq*. (Pl.'s Contentions 1.) Plaintiff seeks (1) an injunction barring Defendant from selling or offering to sell additional shares of Grail and (2) a declaration that Defendant's past sales or transfers of Grail were ineffective and that Plaintiff is under no obligation to issue certificates for these transactions. (Pl.'s Contentions 1; *see also* Compl. ¶¶ 40-51, ECF No. 1.) In his counterclaim, Defendant seeks the opposite with respect to his attempted sales or transfers of Grail stock—a declaration that these transfers were valid and an injunction requiring Plaintiff to deliver stock certificates of the disputed shares to Defendant and the other intended transferees. (Countercl. ¶¶ 31-39, ECF No. 112; *see also* Order on Stip. Regarding Def.'s Countercls., ECF No. 9.)

In Defendant's Contentions, Defendant argues that Plaintiff lacks standing to bring its claim against Defendant. (Def.'s Contentions 2-3.) While Section 5 of the Securities Act of 1933 ("Securities Act") prohibits the sale of unregistered securities, 15 U.S.C. § 77e, the statute provides only the purchaser of unregistered securities with a private right of action, and not the company that would otherwise issue the shares, 15 U.S.C. § 77l(a); *see also Smolen v. Deloitte, Haskins & Sells*, 921 F.2d 959, 965 (9th Cir. 1990) ("[A]ppellants were neither purchasers nor offerees of the stock sold and hence lacked standing."). Thus, under this analysis, neither Defendant nor Plaintiff would have standing to seek relief under the Securities Act.

Based on the foregoing, Plaintiff is hereby ordered to show cause in writing on or before **Wednesday, March 19, 2014**, why it has standing to pursue its federal claims. If Plaintiff cannot

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>CV 13-03687 SJO (AGRx)</u>     DATE: <u>March 13, 2014</u>

clearly show that it has standing to pursue its federal claims, Plaintiff should show cause why the action should not be dismissed for lack of standing or lack of subject matter jurisdiction.  To the extent that Defendant maintains that he has standing to pursue his counterclaim even if Plaintiff lacks standing, he must show cause in writing on or before **Wednesday, March 19, 2014**, why he has standing.  Plaintiff's and Defendant's briefs shall not exceed ten (10) pages.  The parties may file replies on or before **Wednesday, March 26, 2014**, not to exceed five (5) pages.

IT IS SO ORDERED.